## STEEN v. HENDY et al.*

### No. 15,644; December 24, 1894.

#### 38 Pac. 718.

**Reference—Claim Against Decedent.—Pending a Reference, Defendant Died,** and his executor was substituted in his stead. On the hearing before the referee the executor objected to the taking of any testimony, because plaintiff had not filed his claim with him. Held, that the objection being made before there was any evidence as to whether the claim had been presented to the executor, it was premature, and the referee rightly proceeded with the hearing.

**Appeal—Time for Taking.—Where No Motion for a New Trial** is made, the question whether the judgment is supported by the evidence will not be considered on appeal unless the appeal is taken within sixty days after the rendition of the judgment on a bill of exceptions setting out the evidence.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by J. W. Faulkner against Joshua Hendy and the Joshua Hendy Machine Works, a corporation, for the dissolution of a partnership and for an accounting. Pending the action, the cause of action was assigned to E. T. Steen, who was substituted as plaintiff, and defendant Joshua Hendy died, whereupon his executors were substituted in his stead. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Boyd, Fifield & Hoburg for appellant corporation; W. H. H. Hart and Nowlin & Fassett for appellant executors; Wm. H. Jordan for respondent.

TEMPLE, C.—This appeal is from the judgment, with a bill of exceptions. The action was brought to obtain a dissolution of an alleged partnership, to have an account taken, and for other relief. It was commenced March 11, 1876. At the first trial plaintiff recovered judgment, and defendants appealed, and that appeal was disposed of here

---

*For subsequent opinion in bank, see 107 Cal. 49, 40 Pac. 21, 386.

October, 1889: 80 Cal. 636, 22 Pac. 401. The facts of the case appear in the opinion then rendered. It was found that the partnership—if the relations between the parties could be so called—had ended before the suit was brought, leaving in Hendy's hands property in which Steen had a contingent interest, and which Hendy continued to sell from time to time after this suit was begun. By stipulation, however, it was found that Hendy had in his hands something more than $10,000, which belonged to Steen. The question left to be determined was what interest or what share of the profits of Hendy's business Steen was entitled to. After the remittitur was filed from this court, Steen amended his complaint, made for the first time the corporation a defendant, and claimed that Hendy had actually realized a large amount of money from the use of the trust funds which he, Steen, was entitled to recover. The corporation was created September 29, 1882, and it was made a party to this suit November 26, 1889. The supplemental and amended complaint, by which the corporation was brought in, charges, in effect, that Hendy owned all the stock of the corporation, and that it was organized to carry on Hendy's business, to hide plaintiff's property, and to defraud plaintiff. A money judgment was demanded against both defendants. Soon after, Hendy paid the amount found due, exclusive of interest, and the cause was referred to a referee to try, with directions to report findings and a judgment. While the trial was in progress—October 21, 1891—Hendy died. The record does not show when letters of administration were issued in the estate of Hendy, but it appears by order made August 10, 1892, that the death of Hendy was suggested by plaintiff, and it was ordered that the case be continued in the names of the executors; and the bill of exceptions recites that: "At the first session after his death and said substitution, to wit, on the nineteenth day of November, 1891, said defendants objected to further proceeding with the trial or the taking of any further testimony in the case upon the ground that the claim upon which the action is based has not been presented for allowance to the executors and executrix of Joshua Hendy, deceased; but the referee, notwithstanding such objection, proceeded with said trial and the taking of testimony in the case, to all of which the defendants duly excepted, and the said trial and taking

of testimony was then proceeded with by said referee, the trial was concluded, and the case argued and submitted." The bill goes on further to state that no claim upon which the action was based was ever presented to the executors or executrix for allowance, or to either of them. That "the defendants, and each of them, excepted, and now except, to the decision, upon the ground that it is against law in the following particulars: . . . . (3) The decision is against law in giving judgment against defendants, to wit, the executors and executrix of the estate of Joshua Hendy, deceased, inasmuch as no claim was presented to them. (4) The decision is against law in deciding that the action is not barred by the statute of limitations as to the defendant corporation." The appeal is from the judgment, and was not taken within sixty days.

It is objected that these points are really that the decision —that is, the findings—is not justified by the evidence, and such objection cannot be made in this way. The objection was not that improper evidence was offered, or had been admitted, but that plaintiff would not be able to produce certain evidence which was essential to his case. If the pleadings had shown that no such evidence could be produced, or counsel had admitted upon the trial that the fact could not be proved, the court could then and there have ruled upon the question. But the bill of exceptions does not show that any such admission was made. It is true, the bill of exceptions, after reciting the objection, the ruling, and exception, proceeds to state that the court proceeded to hear the evidence and to render judgment, and that no claim on the part of plaintiff was ever presented to the executors or executrix. The bill of exceptions was made after judgment, and does not show that at the time of the exception the fact that the claim had not been presented was an established or admitted fact before the court. Defendants could not dictate the order of proof, and, so far as the bill of exceptions shows, the court might well have presumed that such evidence, if essential, would be yet produced by plaintiff. The real objection is that the evidence does not support the decision—that is, the finding. As no motion for a new trial was made, and the appeal was not taken within sixty days after the rendition of the judgment, this question cannot be now considered.

The objection that the court erred in not finding in favor of the defendant corporation upon the plea of the statute of limitations is in the same position. No evidence is contained in the bill of exceptions, and, if it were there, it could not now be considered. The court found that the demand was not barred by the statute of limitations. This finding is not attacked in any mode authorized by law, to wit, by a motion for a new trial, or on an appeal taken within sixty days, with a bill of exceptions setting out the evidence. We must presume, therefore, that there was sufficient evidence to sustain the finding.

The other point—that plaintiff cannot recover interest, because he elected to claim the profits actually made by the use of the trust funds—was determined on plaintiff's appeal from this judgment. The judgment now appealed from was then modified by increasing the amount of interest allowed. Respondents then had an opportunity to be heard, and were heard at least in their petition for a rehearing. The question cannot be again raised. I think the judgment should be affirmed.

We concur: Haynes, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.